NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

17-518

STATE OF LOUISIANA

VERSUS

MARK ARMOND THURMAN

\*\*\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, NO. 88762
HONORABLE SCOTT WESTERCHIL, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

CANDYCE G. PERRET
JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of Candyce G. Perret, Phyllis M. Keaty, and Van H. Kyzar, Judges.

**APPEAL DISMISSED. DEFENDANT-APPELLANT IS PERMITTED TO FILE AN APPLICATION FOR SUPERVISORY WRITS WITHIN THIRTY DAYS FROM THE DATE OF THIS DECISION.**

Hon. Asa Allen Skinner
District Attorney - 30th Judicial District
P. O. Box 1188
Leesville, LA 71496-1188
(337) 239-2008
COUNSEL FOR APPELLEE:
    State of Louisiana

**Annette Fuller Roach**
**Louisiana Appellate Project**
**P. O. Box 1747**
**Lake Charles, LA 70602-1747**
**(337) 436-2900**
**COUNSEL FOR APPELLANT:**
   **Mark Armond Thurman**

**Perret, Judge.**

On January 5, 2016, Defendant-Appellant, Mark Armond Thurman, was charged by bill of information with second degree battery, a violation of La.R.S. 14:34.1.[1] Defendant-Appellant entered a plea of guilty as charged on April 13, 2016. As a result, Defendant-Appellant was sentenced to five years at hard labor, to run consecutively with docket number 88,190, pay a fine of $2,000.00 and court costs, suspended, and he was placed on supervised probation for a five-year term to run consecutively with docket number 88,190. Defendant-Appellant was ordered to pay a $65.00 monthly supervision fee, pay an $11.00 monthly fee to the Sex-O-Registry Technology Fund, pay restitution to the Public Defender's Office in the sum of $500.00, pay a $500.00 prosecution fee to the District Attorney's Office, and pay a $100.00 fee to the Vernon Parish Clerk of Court. Defendant-Appellant was also ordered to pay the fines and court costs to the Thirtieth Judicial District Court Felony Fines Collection Office, payable through an agreeable pay plan at a sum no less than $100.00 per month. The trial court further ordered that Defendant-Appellant is to enroll in an anger management evaluation and to comply with any treatment recommendations made.

On March 28, 2017, Defendant-Appellant appeared for a probation revocation hearing. At the conclusion of the hearing, the trial court revoked Defendant-Appellant's probation and ordered him to serve the original sentence.

On April 18, 2017, Defendant-Appellant filed a "MOTION FOR APPEAL and DESIGNATION OF RECORD" with the trial court. The court granted Defendant-Appellant's motion for appeal on April 19, 2017, with a return date of June 2, 2017.

---

[1]Defendant's last name is also spelled "Thurmond" in the record.

On June 2, 2017, this court lodged the appeal record. On June 16, 2017, Defendant-Appellant's attorney filed a "MOTION TO WITHDRAW AS ATTORNEY OF RECORD" and an "ORIGINAL BRIEF ON BEHALF OF MARK ARMOND THURMOND (THURMAN)" with this court. Defendant-Appellant's attorney asserts in her motion to withdraw she "has made a conscientious and thorough review of the trial court record and can find no issues to raise on appeal and no rulings of the trial court which would warrant the granting of relief on the record currently on appeal." Defendant-Appellant's attorney asserts in her brief that this court does not have appellate jurisdiction to review this case "as this appeal is not from a final appealable judgment. Instead, this case is from the revocation of probation, which occurred on March 28, 2017. Thus, proper review is by application to the court of appeal for a writ of review. *See* La. Code Crim.P. art. 912(C)(1)." Defendant-Appellant's attorney cites *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967), and *State v. Benjamin*, 573 So.2d 528, 531 (La.App. 4 Cir. 1990) in her brief and asserts that she "seeks to withdraw from this case because she finds no non-frivolous errors subject to be reviewed [sic] on an appeal before this Honorable Court." Defendant-Appellant's attorney further asserts:

> The Appellant should be allowed to file his own brief and, if this Court finds an arguable error, the Court may order appointed counsel to brief the arguable error. Otherwise, the Court may grant the motion to withdraw and affirm the sentence.

> Further, as it is believed that it was trial counsel's intentions to seek review of the revocation of the probation, it is requested that the Motion for Appeal and Designation of Record filed by counsel be treated as a timely notice to seek writs and that Mark Thurman be given sufficient time to file an application for supervisory writ of review of the revocation of his probation as has been done previously by this Court in other cases where appeals have been improperly taken in cases where the court had supervisory jurisdiction. *See Barnett,*

2

*supra; State v. Shields*, 14 -1226 (La.App. 3 Cir.1/14/15), 155 So.3d 729; *State v. Bennett*, 14 -1120 (La.App. 3 Cir. 12/3/14), 155So.3d 728.

Therefore, we hereby dismiss Defendant-Appellant's appeal. However, Defendant-Appellant is hereby permitted to file a proper application for supervisory writs, in compliance with Uniform Rules—Courts of Appeal, Rule 4, no later than thirty days from the date of this decision. Defendant-Appellant is not required to file a notice of intent to seek writs nor obtain an order setting a return date pursuant to Uniform Rules—Courts of Appeal, Rule 4-3 as we hereby construe the motion for appeal as a timely-filed notice of intent to seek a supervisory writ.

**APPEAL DISMISSED. DEFENDANT-APPELLANT IS PERMITTED TO FILE AN APPLICATION FOR SUPERVISORY WRITS WITHIN THIRTY DAYS FROM THE DATE OF THIS DECISION.**